FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

00 AUG 24  PH 4: 16

U.S. DISTRICT COURT
N.D. OF ALABAMA

HENRY CLAY SMITH,    ]
         ]
  Petitioner,    ]
         ]
vs.         ]  CV 00-BU-0375-S
         ]
BILLY MITCHEM, WARDEN;  ]
THE ATTORNEY GENERAL OF ]
THE STATE OF ALABAMA,  ]
         ]
  Respondents.   ]

**ENTERED**

AUG 24 2000

## MEMORANDUM OPINION

On August 14, 2000 the court received objections to the Findings and Recommendation entered August 3, 2000. Petitioner argues that the court should not accept the recommendation that this action be dismissed as untimely. Specifically, petitioner argues that limitation period should be equitably tolled because petitioner was in administrative segregation from January, 1996 until May 31, 1998 and that he was unable to litigate his claim properly during that time because of his inability to do so and because he had no physical access to the institutional law library or a person trained in the law.

Petitioner was released from administrative segregation on May 31, 1998. Petitioner did not file his state Rule 32 petition until January 7, 1999, more than seven months after his release from administrative segregation. The certificate of judgment was issued on January 14, 2000. Petitioner filed this federal habeas petition on February 10, 2000.

Even if petitioner's placement in segregation while his direct appeal was pending and extending through May 31, 1998 could justify an equitable tolling of the statute of limitations, the fact remains that petitioner did not file his <u>federal</u> habeas petition until 20 months after his release

16

from administrative segregation. The equitable tolling doctrine is not intended to indefinitely toll the limitation period. Moreover, during much of the time petitioner was in administrative segregation he had a Section 1983 action pending in this court and was filing motions and pleadings in that case negating his allegation that he was unable to litigate while in administrative segregation. See, CV95-S-1485-NE, Smith v. Morgan County Jail. The court concludes that petitioner's federal habeas petition filed 20 months after his release from administrative segregation is not subject to the equitable tolling doctrine.

Petitioner's objections are due to be overruled. An appropriate judgment will be entered.

DONE this the 24th day of August, 2000.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE

2